Sec. 38-105. - Housing.

(a) It is the policy of the city to provide, within constitutional limitations, for fair housing throughout the corporate limits of the city.

(b) Within this section "protected trait" shall mean actual or perceived race, color, religion, national origin, sex, mental or physical disability, marital status, familial status, age sexual orientation or gender identity, gender expression, ethnic background, or being a victim of domestic violence, sexual assault or stalking.

(c) If the director finds probable cause of a violation of this section, the director shall notify the director of health of the violation and assist the director of health in any related investigation, in additional to pursuing any enforcement authorized by chapter 213 RSMo.

(d) The following discriminatory housing practices shall be unlawful:

  (1) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of property offered for sale or rental, or otherwise make unavailable or deny a dwelling to any person, because of a protected trait.

  (2) To discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of a protected trait.

  (3) To make, print or publish, or cause to be made, printed or published, any notice, statement or advertisement with respect to the sale or rental of a dwelling that indicates any preference or limitation based on a protected trait or an intention to make any such preference, limitation, or discrimination.

  (4) To represent to any person, because of a protected trait, that any dwelling is not available for inspection, sale or rental when such dwelling is in fact so available.

  (5) To induce or attempt to induce any person to sell or rent any dwelling by representations regarding the entry or prospective entry into the neighborhood of persons of a particular protected trait.

  (6) For a person in the business of insuring against hazards to refuse to enter into or discriminate in the terms, conditions or privileges of a contract of insurance against hazards to a dwelling because of a protected trait pertaining to persons owning or residing in or near the dwelling.

  (7) To discriminate in the sale or rental or to otherwise make unavailable or deny a dwelling to any buyer or renter because of a disability of:
    a. That buyer or renter;
    b. A person residing in or intending to reside in that dwelling after it is sold, rented or made available; or
    c. Any person associated with that buyer or renter.

  (8) To discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of:
    a. That person;
    b. A person residing in or intending to reside in that dwelling after it is so sold, rented or made available; or
    c. Any person associated with that person.

  (9) To sexually harass a property owner or tenant;

  (10) To refuse to rent or to make any distinction or restriction for the rental of a dwelling unit solely because of the type of reasonably verifiable and lawful source of income. As used in this section, lawful source of income shall mean the lawful manner by which an individual supports themselves or their dependents, including but not limited to pay, child support payments, and rental assistance from a federal, state, local or nonprofit-administered benefit or subsidy program. In no event shall an owner be compelled to participate in an otherwise voluntary benefit or subsidy program.

(e) While a person may examine a criminal background check or rental history in reviewing an application for rental housing, the person shall review additional information provided by the rental applicant, including, but not limited to, personal references, recency and severity of any convictions, recency and status of any evictions, and any actions taken by the rental applicant to



resolve past evictions.

(f) For purposes of this section, the term "discrimination" includes:

(1) A refusal to permit at the expense of the disabled person reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises; except that, in the case of a rental, the landlord may, where it is reasonable to do so, condition permission for a modification on the renter's agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted;

(2) A refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; or

(3) In connection with the design and construction of covered multifamily dwellings for first occupancy, a failure to design and construct those dwellings in a manner that:

   a. The public and common use portions of such dwellings are readily accessible to and usable by disabled persons. This shall include at least one building entrance on an accessible route unless it is impracticable to do so because of the terrain or unusual characteristics of the site;

   b. All doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by disabled persons in wheelchairs; and

   c. All premises within such dwellings contain the following features of adaptive design:

      1. An accessible route into and through the dwelling;

      2. Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

      3. Reinforcements in bathroom walls to allow later installation of grab bars; and

      4. Usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

   Compliance with the appropriate requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically disabled persons, commonly cited as ANSI Al 17.1, suffices to satisfy that the requirements of subsection (b)(3)a of this section are met.

(4) For purposes of subsections (a)(7) and (8) of this section, discrimination includes any act that would be discrimination under 42 USC 3604(f)(3) through (9).

(g) Nothing in this section shall apply to rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other if the owner actually maintains or occupies one of such living quarters as the owner's residence, and if the dwelling contains any rooms, except hallways, which are shared by the families or the owner.

(h) Nothing in this section shall prohibit a religious organization, association or society, or any nonprofit institution or organization operated, supervised or controlled by or in conjunction with a religious organization, association or society, from discriminating in the sale, rental or occupancy of dwellings which it owns or operates for other than a commercial purpose on the basis of religion, sexual orientation or gender identity, or from giving preference to persons on those bases.

(Ord. No. 130041, § 5, 3-21-13; Ord. No. 180034, § 1, 2-1-18; Ord. No. 180724, § 1, 2-7-19; Ord. No. 190935, § 4, 12-12-19)



EXHIBIT 3