IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| KENNEDY F. JONES, *et al.*, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00649-WBG |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI, | ) | |
|     Defendant. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR ORAL ARGUMENT

Plaintiffs Kennedy F. Jones and Stephen J. Vogel ("Plaintiffs"), by and through counsel, and pursuant to FED. R. CIV. P. 65, respectfully move the Court to enter a preliminary injunction immediately enjoining Defendant City of Kansas City, Missouri (the "City") from enforcing Committee Substitute for Ordinance No. 231019, as amended (the "Ordinance"), and requiring the City to take all necessary actions to maintain the status quo pending final resolution of Plaintiffs' declaratory judgment, 42 U.S.C. § 1983, and federal preemption claims. Plaintiffs request oral argument on this motion.

As more fully explained in Plaintiffs' verified complaint ("Complaint") and suggestions in support of this motion ("Suggestions"), both of which Plaintiffs incorporate by reference here, the Ordinance prohibits housing discrimination on the basis of an individual's legal "source[s] of income," which the Ordinance defines to include the federal housing choice vouchers authorized by Section 8 of the Housing Act of 1937 (the "Section 8" program). *See* Complaint, ¶ 2.

Landlord participation in the Section 8 program is voluntary under federal law. *See* Complaint, ¶¶ 3, 15–19. However, the Ordinance makes Section 8 participation mandatory

1

under the City's municipal laws by requiring that any landlord with a rental unit within City limits accept Section 8 vouchers in payment of rent for such unit. *See* Complaint, ¶¶ 26–31. If the landlord declines to accept Section 8 vouchers because he elects not to participate in the Section 8 program, he will be subject to penalties prescribed by the Ordinance including fines, fees, costs, and the potential suspension or revocation of his rental permits. *See* Complaint, ¶¶ 4, 32–36.

The Section 8 program requires that for each unit a landlord rents to a Section 8 voucher-holder, the landlord must enter into a separate Housing Assistance Payments ("HAP") contract with the local public housing agency administering the Section 8 program. *See* Complaint, ¶¶ 5, 21. The HAP contract is mandatory, non-negotiable, and requires the landlord to waive his search-and-seizure rights under the Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment. *See* Complaint, ¶¶ 5–6, 21–22, 41, 48.

The Ordinance is unconstitutional, void, and unenforceable for at least two reasons. First, the Ordinance unconstitutionally coerces landlords such as Plaintiffs into waiving their constitutional rights, and/or unconstitutionally conditions their ability to maintain rental permits on providing such waivers, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. *See* Complaint, ¶¶ 4–8, 21–22, 32–36, 41–42, 48–49, 52, 56–59; Suggestions, pp. 2–9. Second, the Ordinance unconstitutionally violates the Supremacy Clause of Article VI of the United States Constitution because it actually conflicts with and is

preempted by federal law that makes Section 8 participation voluntary. *See* Complaint, ¶¶ 3-4, 15-19, 53, 61-65; Suggestions, pp. 9-15.

For these reasons and as further detailed in Plaintiffs' Suggestions, Plaintiffs are likely to succeed on the merits of their claims. Further, they will suffer irreparable harm in the absence of an injunction, and the balance of the equities and the public interest weigh in favor of an injunction.

WHEREFORE, Plaintiffs respectfully request that the Court enter a preliminary injunction immediately enjoining the City from enforcing the Ordinance and requiring the City to take all necessary steps to maintain the status quo pending final resolution of Plaintiffs' declaratory judgment, 42 U.S.C. § 1983, and federal preemption claims; and for any other relief this Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Robert W. Tormohlen
Robert W. Tormohlen, Mo. #40024
Douglas S. Stone, Mo. #45320
Scott A. Wissel, Mo. #49085
Ashlyn Buck Lewis, Mo. #65501
1010 Walnut, Suite 500
Kansas City, Missouri 64106
Tel:  (816) 421-2500
Fax:  (816) 472-2500
rwtormohlen@lewisricekc.com
dstone@lewisricekc.com
sawissel@lewisricekc.com
alewis@lewisricekc.com

*and*

**SEYFERTH BLUMENTHAL
   & HARRIS LLC**

Kevin J. Karpin, Mo. #45465
Bruce A. Moothart, Mo. #45517
4801 Main Street, Suite 310
Kansas City, Missouri 64112
Tel:  (816) 756-0700
Fax:  (816) 756-3700
kevin@sbhlaw.com
bruce@sbhlaw.com

*Attorneys for Plaintiffs*

4